UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK
_____

DANIEL WARMUS

                Plaintiff,

v.

TOWN OF HAMBURG, VILLAGE OF BLASDELL,
HAMBURG POLICE OFFICER KEVIN SULLIVAN,
HAMBURG POLICE OFFICER TAYLOR and
BLASDELL POLICE OFFICER S. MIKAC

                Defendant.
_____

**CASE MANAGEMENT ORDER**

Civil No. 1:23-CV-00790

       Pursuant to the Text Order referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed.R.Civ.P. ("Rule") 16(b) and Local Rule 16,

       IT IS **ORDERED** that:

       1. In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution,[1] this case has been referred to mediation.

       2. Motions to opt out of ADR shall be filed no later than November 30, 2023.

       3. Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished no later than November 27, 2023.

       4. The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court no later than November 30, 2023. If the parties do not file a stipulation confirming their selection of a mediator by this deadline, the Court will select a mediator in accordance with Section 5.4(C)(2) of the ADR Plan.

---

[1] A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

5. All motions to join other parties and to amend the pleadings shall be filed no later than **May 1, 2024**.

6. The initial mediation session shall be held no later than **February 29, 2024**.

7. All motions to compel shall be filed no later than **June 30, 2024**. If a discovery disputes arises, the movant must advise the undersigned of the dispute and request a conference by submitting a letter (copying opposing counsel) to the Court as soon as possible and no later than the deadline to complete fact discovery. *See* Rule 16(b)(3)(B)(v). The letter should be filed electronically in CM/ECF using the "Letter" event option (Civil > Other Documents > Letter) with a notation in the filing caption that the letter pertains to a discovery dispute. Upon review of the letter, a conference will be scheduled with the parties to attempt to resolve the issue informally. If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. This informal discovery dispute resolution process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' positions. Parties do not waive arguments by failing to raise them in their letter submissions.

8. All fact discovery shall be completed no later than **July 31, 2024**.

9. The parties shall identify any expert witnesses and produce their reports pursuant to Fed.R.Civ.P. 26(a)(2) as follows:

 (a) plaintiffs shall identify any expert witnesses and produce their reports by **July 31, 2024**;

 (b) defendants shall identify any expert witnesses and produce their reports by **August 31, 2024**;

 (c) plaintiffs shall identify any rebuttal expert witnesses and produce their reports by **September 30, 2024**; and

 (d) defendants shall identify any rebuttal expert witnesses and produce their reports by **October 30, 2024**.

10. All expert depositions shall be completed no later than **November 30, 2024**.

11. Pretrial dispositive motions, if any, shall be filed no later than December 13, 2024. Such motions shall be made returnable before the undersigned.

12. If no pretrial dispositive motions are filed, the parties shall contact the chambers of the Hon. Lawrence J. Vilardo by December 20, 2024 to schedule a trial date.

13. Mediation sessions may continue, in accordance with Section 5.11 of the ADR Plan, until December 20, 2024. The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

**No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party".** *Parker v. Columbia Pictures Industries*, **204 F.3d 326, 340 (2d Cir. 2000).**

SO ORDERED.

DATED:
      Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge